**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SABATINO MAGLIONE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FLUOR CORPORATION, DAVID E. CONSTABLE, JAMES R. BREUER, JOHN C. REGAN, and JOSEPH L. BRENNAN,<br><br>    Defendants. | Case No. 3:25-cv-02496-N |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF JEROME GLAZER FOR APPOINTMENT AS**
**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ................................................................................ 1

II.  STATEMENT OF FACTS ..................................................................................... 3

III. ARGUMENT ........................................................................................................ 5

    A.   Movant Should Be Appointed Lead Plaintiff................................................. 5

        1.   Movant Filed a Timely Motion ....................................................... 6

        2.   Movant Has the Largest Financial Interest in the Action.............................. 6

        3.   Movant Otherwise Satisfies the Requirements of Rule 23............................ 7

            a.   Movant's Claims are Typical................................................. 8

            b.   Movant is an Adequate Representative................................................. 8

    B.   Lead Plaintiff's Selection of Counsel Should Be Approved ....................................... 9

IV.  CONCLUSION..................................................................................................... 11

## **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                     <u>Page(s)</u>

*Schwartz v. TXU Corp., et al.*,
   3:02-CV-2243-K, 2005 WL 3148350 (N.D. Tex. 2005) ........................................................... 8

*Berger v. Compaq Computer Corp.*,
   257 F.3d 475 (5th Cir. 2001) ................................................................................................. 9

*Feder v. Elec. Data Sys. Corp.*,
   429 F.3d 125 (5th Cir. 2005) ................................................................................................. 9

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ....................................................................................... 9

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
   No. 3:12-CV-3772-G, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)..................................... 8

*Holley v. Kitty Hawk, Inc.*,
   200 F.R.D. 275 (N.D. Tex. 2001) .......................................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................................... 7

*Mullen v. Treasure Chest Casino, L.L.C.*,
   186 F.3d 620 (5th Cir. 1999) ................................................................................................. 8

*Mullins v. AZZ, Inc.*,
   No. 4:18-CV-025-Y, 2018 WL 7504312 (N.D. Tex. Aug. 9, 2018) ........................................ 7

<u>Statutes</u>

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. 1, 5
15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................. 2, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................... 1, 2, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ..................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................. 10
15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 2, 9

<u>Rules</u>

Fed. R. Civ. P. 23 ...................................................................................................... passim
Fed. R. Civ. P. 23(a) ............................................................................................................ 7
Fed. R. Civ. P. 23(a)(4).......................................................................................................... 8

Lead Plaintiff Movant Jerome Glazer ("Movant" or "Glazer") respectfully submits this Memorandum of Law in support of his Motion (the "Motion") pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Movant as Lead Plaintiff in the above-captioned action (the "Action") on behalf of all purchasers or acquirers of the securities of Fluor Corporation ("Fluor" or the "Company") during the period of February 18, 2025 through and including July 31, 2025 (the "Class Period"), and who were damaged thereby (the "Class"); (2) approving Movant's selection of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel and Kendall Law Group, PLLC as Local Counsel for the proposed Class; and (3) granting such other relief as the Court may deem to be just and proper.

## I.  PRELIMINARY STATEMENT

Movant Glazer should be appointed Lead Plaintiff on behalf of the proposed Class. Movant respectfully submits that he is presumptively the most adequate plaintiff in this case because Movant filed a timely "motion in response to a notice," believes he has the "largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23," and should therefore be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[1] Additionally, Movant's selection of the law firms of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel and Kendall Law Group, PLLC as Local Counsel for the Class is reasonable and should be approved.

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit A to the Declaration of Joe Kendall, Esq. ("Kendall Decl."), submitted concurrently herewith.

1

On September 15, 2025, Plaintiff in this Action filed a securities class action complaint alleging that during the Class Period, the Defendants[2] violated Sections 10(b) and 20(a) of the Exchange Act. The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. In his Class Period transactions in Fluor securities, Movant has incurred a loss of $26,415 on a last-in-first-out ("LIFO") basis. He has the largest known loss in Fluor securities of any movant and a substantial financial interest in recovering losses attributable to Defendants' violations of the federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members; (ii) Movant relies on similar legal theories to prove Defendants' liability; and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel and Kendall Law Group, PLLC as Local Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent

---

[2] Named as Defendants in this Action are Fluor Corp., David E. Constable, James R. Breuer, John C. Regan, and Joseph L. Brennan.

the class"). Proposed Co-Lead Counsel and Local Counsel have decades worth of experience representing investors in shareholder litigation and securities class actions and possess the expertise and resources necessary to handle this complex litigation.

Accordingly, Movant respectfully requests that the Court appoint Movant Glazer as Lead Plaintiff for the Class of purchasers of Fluor securities and approve his selection of Co-Lead Counsel and Local Counsel.

## II.    STATEMENT OF FACTS[3]

Fluor, headquartered in Irving, Texas, provides engineering, procurement, and construction ("EPC"), as well as project management services worldwide. The Company operates through three segments: Urban Solutions, Energy Solutions, and Mission Solutions.

According to the Complaint, throughout 2024 and the first quarter ("Q1") of 2025, Fluor's Urban Solutions segment, which offers EPC and project management services to a number of different industries, accounted for the largest portion of the Company's revenue and profit. Infrastructure projects in the Urban Solutions segment during the Class Period included the Gordie Howe International Bridge ("Gordie Howe"), Interstate 365 Lyndon B. Johnson ("I-635/LBJ"), and Interstate 35E ("I-35") highways in Texas.

In February 2025, Fluor provided financial guidance for the full year 2025, forecasting adjusted EBITDA of $575 million to $675 million and adjusted earnings per share ("EPS") of $2.25 per share to $2.75 per share. Although Defendants reaffirmed these projections in May 2025, according to the complaint, they were aware that ongoing economic uncertainty on Fluor's business resulting from trade tensions and other market conditions could have an adverse impact on the Company's performance.

---

[3] These facts are derived from the allegations in the complaint. ECF No. 1.

As the Action alleges, throughout the Class Period, Defendants made materially false and misleading statements regarding Fluor's business, operations, and prospects, including failing to disclose that: (i) costs associated with the Gordie Howe, I-635/LBJ, and I-35 projects were growing on account of subcontractor design errors, price increases, and scheduling delays; (ii) the foregoing factors, as well as a reduction in customer spending stemming from economic uncertainty, were having or were likely to have a significant negative impact on the Company's business and financial results; and (iii) accordingly, Fluor's financial guidance for FY 2025 was unrealistic and the impact of economic uncertainty on the Company's prospects was understated.

Investors learned the truth about Fluor's financial position on August 1, 2025, when Fluor issued a press release reporting its financial results for Q2 2025. The Company reported Q2 non-GAAP2 EPS of $0.43, missing consensus estimates by $0.13, and revenue of $3.98 billion, representing a 5.9% year-over-year decline, missing consensus estimates by $570 million. Defendants attributed these results to growing costs in multiple infrastructure projects due to subcontractor design errors, price increases, and scheduling delays, as well as reduced capital spending by customers. The same press release also provided a revised financial outlook for FY 2025 that lowered projections for adjusted EBITDA and adjusted EPS. On an investor conference call that same day, disclosed that the infrastructure projects that had negatively impacted Fluor's Q2 2025 results were, in fact, the Gordie Howe, I-635/LBJ, and I-35 projects.

Following the foregoing disclosures, Fluor's stock price fell $15.35 per share – more than 27% – to a closing price of $41.42 per share on August 1, 2025, causing heavy investor losses.

### III.    ARGUMENT

#### A.    Movant Should Be Appointed Lead Plaintiff

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of the proposed Class of purchasers of Fluor securities because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as Lead Plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of the proposed Class.

### 1.    Movant Filed a Timely Motion

Movant has, by and through the instant Motion, made a timely motion in response to a PSLRA notice. On September 15, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published on *Access Newswire* advising members of the Class of: (1) the pendency of the Action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) and the right to move the Court for appointment as lead plaintiff by November 14, 2025. *See* Kendall Decl., Ex. B. Movant Glazer's Motion is timely as it is filed on or before the statutory deadline. Thus, Movant is eligible for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Further, as set forth in his certification pursuant to the PSLRA, Movant attests that he has reviewed the complaint filed in this Action and that he is willing to serve as a representative of the Class. *See* Kendall Decl., Ex. A. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 277 (N.D. Tex. 2001). "To determine the largest financial interest, courts consider '(1)

6

the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *Mullins v. AZZ, Inc.*, No. 4:18-CV-025-Y, 2018 WL 7504312, at *1 (N.D. Tex. Aug. 9, 2018) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).

At the time of this filing, Movant believes that he has the largest financial interest among class members who purchased Fluor securities during the Class Period and who filed a timely application for appointment as Lead Plaintiff; he is therefore presumed to be the "most adequate plaintiff." Movant purchased 2,468 shares of Fluor during the Class Period for $126,954, and then liquidated his position for proceeds of $100,539, for a loss of $26,415 LIFO. *See* Kendall Decl., Ex. C. To the best of his knowledge, there are no other class members with a larger financial interest seeking to serve as Lead Plaintiff of the proposed Class. Accordingly, Movant believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as Lead Plaintiff for that Class.

### 3.   Movant Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." At this stage of the litigation, a movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *AZZ, Inc.*, 2018 WL 7504312, at *1. Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

7

"In making its determination that a proposed Lead Plaintiff satisfies the requirements of Rule 23, a court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient." *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 3:12-CV-3772-G, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012).

### a. Movant's Claims are Typical

Movant's claims are typical of the claims asserted by the members of the proposed Class of Fluor investors. Typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir. 1999). Identity of claims is not required; "[r]ather, the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class." *Schwartz v. TXU Corp., et al.*, No. 3:02-CV-2243-K, 2005 WL 3148350, *14 (N.D. Tex. 2005). "If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id*.

Like all members of the class, Movant alleges that Defendants issued false and/or misleading information regarding the status of certain infrastructure projects in Texas and escalating costs arising from various factors, such as design errors and scheduling delays. Movant, like all members of the class, purchased Fluor securities in reliance on Defendants' alleged misstatements and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the class.

### b. Movant is an Adequate Representative

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "would fairly and adequately protect the interests of the plaintiff class." The adequacy requirement requires "an inquiry into [1] the zeal and competence

8

of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Movant will fairly and adequately represent the interests of the members of the proposed Class. Movant has sufficient resources and incentive to pursue this Action to a successful conclusion and is committed to vigorously pursuing the best recovery possible for itself and all other Class members. *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). Movant Glazer is a retired chemical engineer with a Masters of Business Administration from The Wharton School of Business and a bachelor's degree in Chemical Engineering from the Georgia Institute of Technology. Kendall Decl., Ex. D at ¶ 2. Movant is therefore more than an adequate representative of the proposed Class. Moreover, the interests of the Movant and the Class are perfectly aligned. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and other Class members who purchased Fluor securities.

Movant further demonstrated his adequacy through its selection of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel to represent the Class in this Action. Movant selected his counsel based upon the firm's securities litigation experience. *Id.* at ¶ 6. Prior to filing this Motion, Movant had multiple discussions with attorneys from proposed Co-Lead Counsel. *Id.* at ¶ 3. As discussed more fully below, Berger Montague PC and The Schall Law Firm are highly qualified and experienced counsel in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct securities class action litigation effectively.

**B.      Lead Plaintiff's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with

9

lead plaintiff's selection unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Berger Montague PC and The Schall Law Firm as Co-Lead Counsel for the proposed Class and Kendall Law Group, PLLC as Local Counsel.

Berger Montague PC has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. Since its founding in 1970, the firm has advised clients – public institutional investors, private institutional investors, and individuals – on litigation and recovery options in securities proceedings throughout the United States and internationally, including in this District. The firm has served as lead or co-lead counsel in numerous major securities class action cases where substantial settlements were achieved on behalf of investors.  For instance, Berger Montague served as lead counsel in *Howell Family Trust DTD 01/27/2004 v. Hollis M. Greenlaw, et al.*, No. 3:18-cv-02864-M (N.D. Tex.), a derivative case alleging a Ponzi scheme and improper related party transactions, in which Berger Montague was sole lead counsel. During the final settlement approval hearing on March 25, 2021, Judge Brantley Starr praised Berger Montague's litigation of the case as "***a model on how to handle a case like this,***" and as a "testament" to counsel's "***diligence and professionalism.***" The court concluded that "***I wish I could send everyone to y'all's school of litigation management***." In sum, and as detailed in its firm resume attached hereto, Berger Montague is an experienced and highly resourced law firm equipped to provide the putative class here with exceptional representation.  *See* Kendall Decl., Ex. E.

The Schall Law Firm has likewise recovered hundreds of millions of dollars for shareholders harmed by securities fraud and corporate malfeasance in securities class actions such as: *In re Snap, Inc., Sec. Litig.,* No. 17-cv-03679 (C.D. Cal.) ($187.5 million recovery); *In re Uniti Group Inc. Sec. Litig.,* No. 19-cv-00756 (E.D. Ark.) ($38.875 million recovery); *In re Talis*

*Biomedical Sec. Litig.,* No. 22-cv-00105 (N.D. Cal.) ($32.5 million recovery); *Perdomo v. ADT Inc., et al.,* No. 18-cv80668 (S.D. Fla.) ($30 million recovery); *Bond v. Clover Health Investments Corp. et al.,* No. 21cv-00096 (M.D. Tenn.) ($22 million recovery); *Bilinsky v. Gatos Silver, Inc., et al.,* No. 22-cv00453 (D. Col.) ($21 million recovery). *See* Kendall Decl., Ex. F.

Likewise, Kendall Law Group, PLLC, proposed Local Counsel, has extensive experience in shareholder litigation. Former United States District Judge Joe Kendall is the owner of Kendall Law Group.  Mr. Kendall served on the federal bench in the Northern District of Texas from 1992-2002, appointed by President George Herbert Walker Bush.  Since leaving the bench for economic reasons and returning to trial work, Mr. Kendall has had tremendous success at the prosecution of patent and class action litigation either as lead, co-lead or local counsel. While on the federal bench, Mr. Kendall handled class actions of various types and presided over numerous civil jury trials, including complex litigation, securities, antitrust, qui tam, medical malpractice, products liability, and patent infringement cases.  In his career as a lawyer, Mr. Kendall has personally tried more than 100 jury trials to judgment. Additional information regarding Mr. Kendall and his firm is set forth in the Kendall Law Group, PLLC firm resume. Kendall Decl., Ex. G.

Thus, the Court may be assured that, by granting the Motion, the proposed Class will receive the highest caliber of legal representation on behalf of purchasers of Fluor securities. Accordingly, the Court should approve Movant's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an Order: (1) appointing Movant as Lead Plaintiff for the members of the proposed Class; (2) approving Lead Plaintiff's selection of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel and Kendall Law Group, PLLC as Local Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

DATED:  November 14, 2025                Respectfully submitted,


_/s/ Joe Kendall_
JOE KENDALL
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Tel:  (214) 744-3000
Fax: (214) 744-3015
jkendall@kendalllawgroup.com

_Local Counsel for Movant and Proposed Local
Counsel for the Class_

**BERGER MONTAGUE PC**
Michael Dell'Angelo
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, Pa 19103
Tel: (215) 875-3000
mdellangelo@bergermontague.com
aabramowitz@bergermontague.com

**THE SCHALL LAW FIRM**
Brian Schall _pro hac vice forthcoming_
Andrew Brown _pro hac vice forthcoming_
Adam Rosen _pro hac vice forthcoming_
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Fax: (213) 519-5876
brian@schallfirm.com
andrew@schallfirm.com
adam@schallfirm.com

_Attorneys for Movant and Proposed Co-Lead
Counsel for the Class_

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Joe Kendall
JOE KENDALL