UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SABATINO MAGLIONE, Individually and on behalf of all others similarly situated, | Case No. 3:25-cv-02496-N |
| Plaintiff, | |
| v. | |
| FLUOR CORPORATION, DAVID E. CONSTABLE, JAMES R. BREUER, JOHN C. REGAN, and JOSEPH L. BRENNAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF JEROME GLAZER'S
UNOPPOSED MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR
APPROVAL OF SELECTION OF LEAD COUNSEL**

Lead Plaintiff Movant Jerome Glazer ("Movant" or "Glazer") respectfully submits this Memorandum of Law in further support of his unopposed motion to be appointed Lead Plaintiff for the proposed Class and for approval of his selection of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel for the Class, along with Kendall Law Group, PLLC as Local Counsel (Dkt. No. 9) (the "Motion").

**I.       PRELIMINARY STATEMENT**

On November 14, 2025, Movant Glazer filed his lead plaintiff Motion. Movant Glazer claims a loss in his Fluor Corporation ("Fluor") investment during the Class Period of $26,415 on a LIFO basis. Only one other lead plaintiff motion was timely filed – that by Sabatino Maglione ("Maglione"), claiming a loss of only $5,770 (Dkt. No. 10). In light of the fact that Glazer's loss far exceeds that of Maglione and that Movant Glazer has, by far, the largest financial interest in this litigation, Maglione has filed a Notice indicating that he does not oppose Movant Glazer's

1

Motion (Dkt. No. 12).  Accordingly, Movant's lead plaintiff Motion is now unopposed. He should thus be appointed Lead Plaintiff and his selection of Co-Lead Counsel and Local Counsel should be approved.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I).  With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Movant Glazer is entitled to the presumption of being the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii). In his Motion, Movant Glazer set forth facts demonstrating his significant financial interest—which is the largest of any moving party—and his satisfaction of typicality and adequacy requirements under Federal Rule of Civil Procedure 23(a) (*see* Dkt. No 10).  He is therefore the most adequate Plaintiff pursuant to the PLSRA. Accordingly, and in light of the fact that the only other competing movant has since filed a notice of non-opposition, Movant Glazer respectfully submits that the Court should grant his Motion.

## II.    ARGUMENT

### A.    Lead Plaintiff Procedure Under the PSLRA.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).  From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I);  *see also Holley v. Kitty Hawk, Inc.*, 200 F.R.D.

275, 277 (N.D. Tex. 2001).  As demonstrated herein and in his moving papers, Movant Glazer is the presumptively "most adequate plaintiff" because he is the movant with the largest financial interest and satisfies Rule 23's requirements.

After a presumptively most adequate plaintiff is identified, the most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### B. Movant Glazer Should Be Appointed As Lead Plaintiff.

#### 1. Movant Possesses The "Largest Financial  Interest"

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant with the largest financial loss in the relief sought by the action. *See also Holley*, 200 F.R.D. at 277.  There are no other competing movants and therefore Movant Glazer's losses are the largest. Movant incurred a loss of $26,415 (LIFO) on his Class Period transactions in Fluor securities (Dkt No. 9 at p. 7; *see also* Dkt No. 9-2, 9-4, Kendall Decl. Exs. A, C).  The only other moving party had a significantly smaller losses and, in light of that fact, has filed a statement of non-opposition effectively withdrawing that motion (Dkt. No. 12).  As the sole remaining movant, Movant Glazer holds the largest financial interest in the Action and is therefore presumptively the most adequate plaintiff for purposes of serving as Lead Plaintiff. 15 U.S.C. §78u–4(a)(3)(B).

#### 2. Movant Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to possessing the largest financial interest, Movant Glazer satisfies the adequacy and typicality requirements of Rule 23.  Pursuant to the PSLRA's sequential process, once Movant Glazer shown to have the largest financial interest of any movant, the Court proceeds by assessing

whether he "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). One need only make a "'preliminary showing'" at this stage that Rule 23's typicality and adequacy requirements have been satisfied. *Mullins v. AZZ, Inc.*, No. 4:18-CV-025-Y, 2018 WL 7504312, at \*1 (N.D. Tex. Aug. 9, 2018). "In making its determination that a proposed Lead Plaintiff satisfies the requirements of Rule 23, a court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient." *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 3:12-CV-3772-G, 2012 WL 6625382, at \*2 (N.D. Tex. Dec. 20, 2012). As demonstrated, Movant Glazer satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

First, Movant Glazer's claims are typical of the claims asserted by the members of the proposed Class of Fluor investors. Typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those they purport to represent." *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir. 1999). Like all members of the Class, as further set forth in the papers supporting his unopposed Motion, Movant Glazer (1) traded Fluor securities; (2) in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby (*see* Dkt. No. 9). Accordingly, Movant Glazer's interests and claims are "typical" of the interests and claims of the class.

Second, Movant Glazer satisfies the adequacy requirements of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The adequacy requirement requires "an inquiry into [1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and

to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Movant Glazer has shown in his moving papers that he will fairly and adequately represent the interests of the members of the proposed Class.  Movant Glazer has sufficient resources and incentive to pursue this Action to a successful conclusion and is committed to vigorously pursuing the best recovery possible for itself and all other Class members. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).  Movant Glazer is a retired chemical engineer with a Masters of Business Administration from The Wharton School of Business and a bachelor's degree in chemical engineering from the Georgia Institute of Technology (Dkt. No. 9-5, Kendall Decl., Ex. D at ¶ 2). Movant Glazer is therefore more than an adequate representative of the proposed Class. Movant Glazer further demonstrated his adequacy through his selection of experienced and highly qualified counsel, Berger Montague PC and The Schall Law Firm, to represent the Class in this Action as Co-Lead Counsel.  *Id.* at ¶ 6.

### 3.   No Proof Exists to Rebut the Presumption in Favor of Movant's Appointment as Lead Plaintiff

As Movant has the largest financial interest in this litigation, the PSLRA establishes a rebuttable presumption that he is the most adequate plaintiff to represent the Class. This presumption may only be rebutted by "***proof***" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). As there is no other Class member opposing the Motion, no proof has been offered – and none exists – which would rebut the presumption in favor of Movant Glazer.

**C.      The Court Should Approve Movant Glazer's Selection of Counsel**

Lastly, the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with lead plaintiff's selection unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). For the reasons set forth more fully in Movant Glazer's Motion, the Court should also approve his selection of counsel for the Class. Movant Glazer has selected Berger Montague PC and The Schall Law Firm as Co-Lead Counsel for the proposed Class and Kendall Law Group, PLLC as Local Counsel. As discussed in the Motion (Dkt. No 9 at pp. 9-11), and as reflected in the resumes of Berger Montague and The Schall Law Firm submitted therewith, both firms are highly experienced in the area of securities class action litigation and have successfully achieved significant recoveries for aggrieved investors on many occasions (Dkt. Nos. 9-6, 9-7, Kendall Decl. Exs. E, F). Kendall Law Group, who will be serving as local counsel, is also very highly qualified (*see* Dkt. No. 9-8, Kendal Decl. Ex. G).

**III.    CONCLUSION**

For the foregoing reasons, Movant Glazer respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff for the members of the proposed Class; (2) approving Lead Plaintiff's selection of Berger Montague PC and The Schall Law Firm as Co-Lead Counsel and Kendall Law Group, PLLC as Local Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

DATED:  December 5, 2025                    Respectfully submitted,


                                           /s/ Joe Kendall
                                           JOE KENDALL
                                           Texas Bar No. 11260700
                                           **KENDALL LAW GROUP, PLLC**
                                           3811 Turtle Creek Blvd., Suite 825
                                           Dallas, Texas 75219
                                           Tel:  (214) 744-3000
                                           Fax: (214) 744-3015
                                           jkendall@kendalllawgroup.com

                                           *Local Counsel for Movant and Proposed Local
                                           Counsel for the Class*

                                           **BERGER MONTAGUE PC**
                                           Michael Dell'Angelo
                                           Andrew D. Abramowitz
                                           1818 Market Street, Suite 3600
                                           Philadelphia, Pa 19103
                                           Tel: (215) 875-3000
                                           mdellangelo@bergermontague.com
                                           aabramowitz@bergermontague.com

                                           **THE SCHALL LAW FIRM**
                                           Brian Schall *pro hac vice forthcoming*
                                           Andrew Brown *pro hac vice forthcoming*
                                           William M. Brody*, pro hac vice forthcoming*
                                           Adam Rosen *pro hac vice forthcoming*
                                           2049 Century Park East, Suite 2460
                                           Los Angeles, CA 90067
                                           Tel: (310) 301-3335
                                           Fax: (213) 519-5876
                                           brian@schallfirm.com
                                           andrew@schallfirm.com
                                           wbrody@schallfirm.com
                                           adam@schallfirm.com

                                           *Attorneys for Movant and Proposed Co-Lead
                                           Counsel for the Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Joe Kendall*
JOE KENDALL